*409 OPINION OF THE COURT
Edward J. Greenfield, J.
The motion presently before the court shall, properly be treated as an application to confirm an arbitration award and for judgment based thereon (CPLR 7502, 7510) and accordingly the caption is amended to designate plaintiffs as petitioners and defendant as respondent. The instant proceeding was instituted after respondent Travelers Insurance Company (Travelers) refused to pay first-party benefits under the no-fault law (Comprehensive Automobile Insurance Reparations Act, Insurance Law, § 670 et seq.), notwithstanding an arbitration award. Petitioners were injured on their way to work in a vehicle owned by their employer. Travelers denied claims filed by petitioners for first-party benefits on the ground that the claims were covered by workers’ compensation and on the further ground that petitioners refused to execute an agreement to pursue workers’ compensation benefits.
A hearing on their no-fault claims was held following determination by a workers’ compensation Law Judge that the claims were not covered by workers’ compensation. In the no-fault arbitration, the arbitrator found that plaintiffs had diligently pursued their workers’ compensation claims, that these claims had been denied by the compensation Law Judge after a hearing and that accordingly the no-fault carrier was responsible for medical benefits plus interest and attorney’s fees. Travelers contends that the arbitrator exceeded his power and that there is no rational basis for the award. The argument is based on Travelers’ readings of regulations issued by the New York State Insurance Department designed to permit an applicant to obtain first-party or additional first-party benefits if workers’ compensation coverage is denied. Specifically, 11 NYCRR 65.6 (p) (3) (i) provides: "If any source of workmen’s compensation benefits [or disability benefits under article nine of the Workers’ Compensation Law] denies liability for payment of benefits, in whole or in part, the insurer responsible for the payment of first-party or additional first-party benefits shall pay benefits * * * provided, however, that the applicant executes a prescribed agreement to pursue workmen’s compensation or N. Y. S. disability benefits (NYS Form N-F 9), which shall obligate [the applicant] to diligently pursue [the] claim and to repay first-party benefits equal to the withheld amounts in the event such amounts are eventually paid to the applicant.” (Emphasis added.)
*410 Travelers, relying on this regulation, takes the position that it is under no obligation to pay first-party benefits unless the agreement is executed. The court disagrees.
Clause (ii) of 11 NYCRR 65.6 (p) (3) specifically provides that: "If the applicant will not execute the agreement and the automobile insurer is held ultimately liable, such insurer shall not on that account be responsible for the payment of an attorney’s fee or interest on the late payment. To the extent that any reimbursement due the insurer is not made by the applicant, the insurer may thereafter deduct such amounts from any future first-party benefits due on the claim.” (Emphasis added.)
Thus, the effect of failure to execute the agreement is to deny the applicant interest or attorneys’ fees. It does not deprive the applicant of the benefits where, as here, the automobile insurer has been found liable. Accordingly, Travelers may not use the failure to execute the agreement to avoid payment after an arbitration award.
Although Travelers alleges that the compensation decision is not final, supplemental papers have been submitted which show that the compensation Law Judge’s determination was affirmed on appeal.
Based on the foregoing, the award is confirmed except insofar as petitioners were awarded interest and attorneys’ fees, which portion of the award is vacated. Any claims petitioners may have unrelated to the arbitration award are properly the subject of a separate proceeding or plenary action and may not be disposed of solely on affidavits.